Dear Mayor Grimmer:
This office is in receipt of your request for an opinion of the Attorney General in regard to respective authorities and obligations of various Town officials. You ask questions that pertain to the following matters:
 1. With exception for line item expenditures in the budget and emergency situations, an ordinance has been proposed which requires that the Mayor obtain approval from the Board of Aldermen prior to making purchase of equipment and supplies in excess of $1,000, and you ask about the validity of such an ordinance.
 2. Insofar as R.S. 33:386 provides that the Town Clerk and Town Tax Collector must post bonds as set by ordinance by the Board of Aldermen, you question whether the Town may adopt an ordinance which authorizes the Town to pay the premium or have the Town reimburse the cost.
 3. Wherein R.S. 33:386 requires the Clerk and Tax Collector to provide bonds to the municipality, R.S. 47:2052 also requires bonds by Tax Collectors to be filed with the Legislative Auditor, and you question whether R.S. 47:2052 applies to municipal Tax Collectors or only State and Parish Tax Collectors.
 4. You question whether the Town Clerk or the Mayor has the obligation under R.S. 33:421 to be custodian of records for the Town in light of the Public records law of R.S. 44:1 et seq.
 5. You feel there is a conflict between R.S. 33:404(A)(7) and R.S. 33:421 as to who is keeper of the municipal seal.
 6. You find a conflict appears to exist between R.S. 33:406(C)(1) and (C)(2) as to when an ordinance becomes effective, and is further complicated by R.S. 33:406(D)(2) which requires an ordinance must be published in the official journal prior to its effective date.
 7. You are concerned with the hiring and firing of all employees of the police department insofar as to whether the Chief of Police must make a recommendation to the Mayor and Board of Aldermen to hire, discipline or fire "any" employee of the police department.
In regard to the first question on the limiting of expenditures for purchase of supplies by the Mayor to $1,000.00 without prior approval of the Board, we note the ordinance provides as follows:
 The maximum expenditure for purchase of equipment or supplies that are not specific line item budgeted
shall be established at $1000.00 without prior approval of the Board of Aldermen. Emergency exceptions may be made under authority of the Mayor, but must be justified in writing to the aldermen at the next regularly scheduled monthly meeting identifying the nature of the emergency and the potential detrimental effect to the operation of the Town of Walker if the purchase was not made. (Emphasis added.)
This office stated in the recent opinion Atty. Gen. Op. 03-0036, "In accord with prior opinions of this office based upon the statutory authority of the Mayor, we must conclude the ordinance requiring approval by the Board of Aldermen for payment of bills over $100 would infringe upon the authority of the Mayor when the expenses are covered by theannual budget."
In the latter opinion this office referred to Atty. Gen. Op. 00-205 wherein this office was asked whether the Mayor had authority to pay bills of the municipality, and this office stated, "He is also able to pa y specific bills without the approval of the board of aldermen as long as the bills fall within a category in the approved budget and proper appropriations have been made."
Therefore, we would conclude the ordinance in question would be invalid in requiring the approval of the Board of Aldermen for payment by the Mayor of items that fall within a category in the approved budget.
Your second question is relative to the payment of bonds required by statute for the Town Clerk and Town Tax Collector, and essentially you ask whether the Town may adopt an ordinance which authorizes the payment by the Town for the bonds.
R.S. 33:386(A) provides that the mayor, subject to confirmation of the board of aldermen shall appoint a clerk, a tax collector, and other necessary officers whose election is not provided for in R.S. 33:381. It is then provided in Paragraph (B), "The clerk and tax collector shall execute bonds to the municipality in such amounts and with such surety and condition as may be prescribed by ordinance * * *."
In light of the language that the clerk and tax collector "shall" execute bonds to the municipality, we must conclude this mandates that these officers are obligated to execute the bonds to the municipality.
Additionally, we find that pursuant to Art. VII, Sec. 14 there is a constitutional prohibition of donation of public funds that would prevent reimbursement by the Town unless an ordinance to that effect would be enacted before any reimbursement. This office observed in Atty. Gen. Op. 02-94 while the political subdivision may pay 100% of insurance premiums of elected officials, the insurance contract must be in existence before the payments are authorized, and past payment may not be reimbursed as this would be a prohibited donation of public funds.
In regard to your third question, whether R.S. 47:2052(B), which requires a bond be given by the tax collectors, applies to municipal tax collectors or only state and parish tax collectors, we find the relevant provisions all pertain to collection of taxes in for the state or parish, and not municipalities of the state. Particularly we note in R.S. 47:2051, "Tax Collectors Designated", it is provided that the sheriffs of the several parishes, Orleans excepted, shall be ex-officio collectors of "state and parish taxes", and the office of each tax collector shall be at the seat of the parish government.
With respect to your fourth question, whether the Town Clerk or the Mayor has the obligation to be custodian of records of the Town, we find R.S. 33:421 designates the clerk "Shall file in his office and preserve all records and papers appertaining to the business of the municipality." In this regard this office observed in Atty. Gen. Op. 81-530 that as custodians of the public records of the Village, the town clerk has the duty to respond to requests to inspect such records, and to insure that public access to these records are maintained.
In consideration of your fifth question, we agree with the conclusion that there appears to be a conflict between R.S. 33:404(A)(7) and R.S.33:421 with regard to who is keeper of the municipal seal. In setting forth the duties of the Mayor, R.S. 33:404(A)(7) provides he is, "To be the keeper of the municipal seal and affix it as required by law." However, R.S. 33:421, in designating the duties of the clerk states, "The clerk shall be the custodian of the municipal seal, which each municipality shall adopt and provide."
However, we conclude that the clerk is the proper party to be keeper of the seal inasmuch as R.S. 33:404, in setting forth the duties of the Mayor, provides in Section (8) that he has the duty "to sign warrants drawn on the treasury for money, to require that the municipal clerkattest to such warrant, to affix the municipal seal thereto, and to keepan accurate and complete record of all such warrants." (Emphasis added.) In Atty. Gen. Op. 81-1189 this office stated that R.S. 33:404
specifically states that the mayor shall sign all checks and "that the clerk will affix the municipal seal and keep accurate records."
In your sixth question you find a conflict between R.S. 33:406(C)(1) and (C)(2) as to when an ordinance becomes effective, and you find it is further complicated by R.S. 33:406 wherein publication is required in the official journal to be effective.
R.S. 33:406(C)(1) provides, "Every ordinance adopted by the board of aldermen shall be signed by the municipal clerk and presented by the municipal clerk to the mayor within three days after its adoption." Then R.S. 33:406(C)(2) provides as follows:
 The mayor, within ten days of receipt of an ordinance, shall return it to the municipal clerk with or without his approval, or with his disapproval. If the ordinance is approved by the mayor or is returned by the mayor with neither his approval nor disapproval, the ordinance shall become law upon its return to the municipal clerk. If the mayor fails or refuses to return an ordinance to the municipal clerk within ten days of receipt of an ordinance, it shall become law at midnight of the tenth day after the receipt of the ordinance by the mayor. If the mayor disapproves the ordinance, he shall, within ten days after receipt of the ordinance, return the ordinance along with his written statement of the reasons for his veto to the municipal clerk for transmittal to each member of the board of aldermen. The municipal clerk shall record upon each ordinance the date of its delivery to the mayor and the date of receipt from the mayor, if any.
We do not find R.S. 33:406(C)(1) is relative to the effective date of an ordinance but simply sets forth the procedure after the passage by the aldermen by requiring it be presented to the mayor, who then proceeds as provided in (C)(2). R.S. 33:406(C)(3) then establishes the procedure if vetoed by the Mayor, and states if the board overrides an ordinance, "the ordinance becomes law upon its enactment by the board." R.S. 33:406(D)(2) provides the procedure thereafter by requiring the clerk publish each ordinance adopted by the board of aldermen in the official journal of the municipality within twenty days of its adoption and prior to its effective date. Paragraph (E) states "the ordinance shall take effect on the thirtieth day after the meeting in which the ordinance was adopted."
A distinction must be made between adoption by the Board, veto or acceptance by the Mayor, and the effective day as a law, and as stated above this is the thirtieth day after the meeting in which the ordinance was adopted.
Your final question pertains to the hiring and firing of employees of the police department as distinguished from those who actually are police officers, and whether there must be a recommendation to the Mayor and Board to hire, fire and discipline these employees. This office has concluded the mayor and board of aldermen are generally empowered to hire all municipal employees, which include personnel for the police department, although they only have authority to appoint police personnel subject to the recommendation of the chief of police. Atty. Gen. Ops. 00-113, 99-48, 83-731.
We hope this sufficiently answers your inquires.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: April 30, 2003